**FILED**
**DECEMBER 19, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7120**

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, ROBERT QUANSTROM, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, ROBERT QUANSTROM, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF,, <br><br>     Plaintiffs, <br><br>  v. <br><br>SEATER CONSTRUCTION CO., INC., a Wisconsin corporation, <br><br>     Defendant. | **JUDGE DARRAH** <br> **MAGISTRATE JUDGE SCHENKIER** |

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND

("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendant SEATER CONSTRUCTION CO., INC. ("Defendant"), as follows.

## SUMMARY OF THIS ACTION

The Trust Funds bring this action against the Defendant under ERISA because the Defendant has failed to pay amounts owed to the Trust Funds pursuant to the Area Agreements and the Trust Agreements. The Trust Funds seek all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under § 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and § 301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter referred to as the "Union"), and therefore, are multi-employer

plans. (29 U.S.C. § 1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4. **Defendant.** Defendant is a Wisconsin corporation and employer engaged in an industry affecting commerce which entered into an Agreement ("Agreement") effective May 1, 1994. A true and correct copy of the Agreement is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

5. The Agreement provides that Defendant agreed to be bound by the then current Area Agreement and all subsequent Area Agreements.

6. The Agreement and the Collective Bargaining Agreement bind the Defendant to the provisions of the Trust Agreement ("Pension Trust Agreement") which establishes the Pension Fund, to the provisions of the Trust Agreement of the Chicago Regional Council of the United Brotherhood of Carpenters and Joiners of American and Builders Association of Chicago ("Welfare Trust Agreement") which establishes the Welfare Fund, to the provisions of the Chicago Regional Council of Carpenters Apprentice and Trainee Program Trust Agreement ("Trainee Trust Agreement") which establishes the Trainee Fund, and to the Agreement and Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund ("Labor/Management Fund Trust Agreement"). Each of these trust agreements are hereinafter collectively referred to as the "Trust Agreements". The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefits to the Trust Funds.

7. The Agreement, Trust Agreements and Collective Bargaining Agreement require Defendant to pay fringe benefit contributions to the Trust Funds.

3

8. The Agreement, Trust Agreements, Collective Bargaining Agreement and ERISA require Defendant to produce books and records sufficient for the Trust Funds or their designees to conduct an audit to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

9. The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work at the rate and in the manner specified in the Collective Bargaining Agreements and the Trust Agreements.

10. The Agreement, Trust Agreements and Collective Bargaining Agreements require the Defendant to contribute to the Trust Funds according to the hours worked by subcontractors performing jurisdictional work which have not signed a Collective Bargaining Agreement with the Union.

## **COUNT I**

11. The Pension Fund hereby incorporates paragraphs 1-10 above as though fully set forth herein.

12. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Pension Fund.

13. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund.

4

16. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendant:

A. to perform and continue to perform all obligations it has undertaken;

B. to pay any and all amounts the Defendant owes the Pension Fund;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

F. to submit contributions that are due to the Pension Fund on a timely basis; and

G. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

20. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Welfare Fund.

21. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

22. The Welfare Fund has complied with all conditions precedent in bringing this suit.

23. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

24. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

25. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

26. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A. to perform and continue to perform all obligations it has undertaken;

B. to pay any and all amounts the Defendant owes to the Welfare Fund;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

F. to submit contributions that are due to the Welfare Fund on a timely basis; and

G. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

27. The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

28. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Trainee Fund.

29. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

30. The Trainee Fund has complied with all conditions precedent in bringing this suit.

31. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

32. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

33. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

7

    A.    to perform and continue to perform all obligations it has undertaken;

    B.    to pay any and all amounts the Defendant owes to the Trainee Fund;

    C.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    E.    to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

    F.    to submit contributions that are due to the Trainee Fund on a timely basis; and

    G.    to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## **COUNT IV**

35. The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

36. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay amounts owed to the Labor Management Fund.

37. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

38. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

39. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

40. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

   (a)   interest on any unpaid contributions; or

   (b)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

   A.   to perform and continue to perform all obligations it has undertaken;

   B.   to pay any and all amounts the Defendant owes to the Labor/Management Fund;

   C.   to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

   D.   to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

   E.   to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D);

   F.   to submit contributions that are due to the Labor/Management Fund on a timely basis; and

   G.   to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.*


By: _____s/ Kevin P. McJessy_____
   One of Their attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

9

# EXHIBIT A

# AGREEMENT

Firm  Seater Construction Co., Inc.  Address  2322 Mead Street   P.O. Box 7

City  Racine          State  WI    Zip 53403   Phone 414 634-2366
                                       53401

    THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUIS, KANE, KANKAKEE, KENDALL, LAKE, MC HENRY AND WILL COUNTIES, ILLINOIS, herinafter sometimes referred to as the "UNION" and

   Seater Construction Co., Inc.
hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1. EMPLOYER recognizes the Union as the sole and exclusive bargaining agent for and on behalf of the Employees of the EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2. EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreements referred to in numbered paragraph 3 hereof and all rules and regulations adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3. EMPLOYER and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinate bodies of the United Brotherhood of Carpenters and Joiners of America and certainEmployers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

4.  EMPLOYER and the UNION hereby agree to be bound by the Area Agreements negotiated between the Chicago and Northeast Illinois District Council of Carpenters and the various Employer Associations for the period beginning with the expiration date of the several Agreements referred to in numbered paragraph 3 thereof and ending on the expiration dates of any sucessor Agreements thereto from year to year thereafter unless the Employer gives written notice to the UNION of a desire to amend or terminate any such Agreements at least three calendar months prior to the expiration of such Agreement or Agreements.

IN WITNESS WHEREOF, the parties have executed this Agreement the ___01___ day of ___May___, 19_1994_.

EMPLOYER: Seater Construction Co., Inc.

CHICAGO AND NORTHEST ILLINOIS DISTRICT COUNCIL OF CARPENTERS

BY: Anthony P. Popchock   -Vice President
(Print or Type Name) (Title)

_____          _____
(Signature)                        Business Representative

page 2 of 2